******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., concurring in the judgment. I concur in the judgment because I agree that the defendant, Shota Mekoshvili, was not entitled to a specific unanimity instruction materially different from the one used to instruct the jury in the present case. The instruction on self-defense, which spans fifteen pages of trial transcript, repeatedly reminds the jury that its findings must be unanimous, and includes the following directive: "You must remember that the defendant has no burden of proof whatsoever with respect to the defense of self-defense. Instead, it is the state that must prove beyond a reasonable doubt that the defendant did not act in self-defense if it is to prevail on the charge of murder or as to any of the lesser included offenses on which you will be instructed. *To meet this burden, the state need not disprove all four of the elements of self-defense. Instead, the state can defeat the defense of self-defense by disproving any one of the four elements of self-defense beyond a reasonable doubt to your unanimous satisfaction.*"[1] (Emphasis added.)

The phrasing of the italicized sentence is not perfect, because it could be construed to mean that the law requires only unanimous agreement that the state has disproved any one (but not necessarily the same one) element of the defense. In my view, however, the far more natural reading of the language is that, although the state need not disprove all four elements of the defense, the defense is not defeated unless the jury unanimously agrees that the state has disproved at least one of the four elements (any one of them, but the same one) beyond a reasonable doubt. This latter understanding provides the defendant with the substance of the specific unanimity charge he requested. See, e.g., *State v. Ledbetter*, 263 Conn. 1, 22, 818 A.2d 1 (2003) ("[The] refusal to charge in the exact words of a request . . . will not constitute error if the requested charge is given in substance. . . . Thus, when the substance of the requested instructions is fairly and substantially included in the trial court's jury charge, the trial court may properly refuse to give such instructions." (Internal quotation marks omitted.)).

Because the jury charge fairly and substantially informed the jury that it must unanimously agree that the state had disproved the same element of self-defense in conformance with the specific unanimity instruction requested by the defendant,[2] I see no need to address whether such a unanimity instruction constitutionally was required. I therefore express no opinion on the constitutional analysis set forth in the majority opinion.

I respectfully concur in the judgment for these reasons.

[1] The requirement of jury unanimity was a consistent theme throughout the entire jury charge, and the jury was told by the trial court more than twenty times that it must reach a unanimous verdict with respect to the crimes charged and the defense of self-defense. In addition to the passage quoted in the text of this opinion, the trial court concluded its self-defense charge by again reminding the jury that it must reject the defense of self-defense "[i]f you unanimously find that the state has disproved beyond a reasonable doubt at least one of the elements of the defense . . . . If, on the other hand, you unanimously find that the state has not disproved beyond a reasonable doubt at least one of the elements of the defense . . . then . . . you must find the defendant not guilty . . . ."

[2] The defendant requested the following specific unanimity instruction: "The state has the burden of disproving self-defenses, as I have instructed. To meet its burden as to this disproof, the state must persuade you unanimously as to any of the four elements on which I have instructed you. Thus, it is not enough for some of you to find the first element disproved while others find a different element disproved. Unless you unanimously agree that the state has disproven the same element, the state has failed to disprove self-defense." (Internal quotation marks omitted.) *State* v. *Mekoshvili*, 195 Conn. App. 154, 166 n.3, 223 A.3d 834 (2020).